UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
    CLINTON KERSHAW,

                         Plaintiff,

              -against-                      23-CV-4159 (VSB)

                                                  **<u>ORDER</u>**
    NEW YORK LIFE INSURANCE
    COMPANY,

                        Defendant.
-----------------------------------------------------------X

<u>VERNON S. BRODERICK</u>, United States District Judge:

        On July 24, 2024, I issued an order directing Plaintiff to file an opposition to Defendant's motion to dismiss by August 16, and directing the parties to meet and confer regarding the filing of an amended case management plan and scheduling order. (Doc. 36.) Plaintiff has not met the filing deadline, and Defendant represents it has been unable to contact Plaintiff. (Docs. 37, 38.) Plaintiff's counsel has previously represented that he is undergoing medical treatment; Defendant has indicated its understanding and flexibility in light of the situation.

        Defendant now seeks a stay of discovery. In consideration of the relevant factors, I find a stay is warranted at this time. *See, e.g.*, *Alapaha View Ltd. v. Prodigy Network, LLC*, No. 20-CV-7572, 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021). Without expressing any opinion on the outcome of the Defendant's motion to dismiss, I note that it raises a legitimate, non-frivolous argument that this action is time barred. *Id*. Further, because no discovery has yet been taken in the case and because of Plaintiff's counsel's medical condition, the likelihood of prejudice to the parties due to a stay of discovery is low. *Id*. For these reasons, I find a stay of discovery warranted.

Defendant has also sought clarification from the court on the motion to dismiss. Plaintiff has not met the August 16 deadline to file an opposition to the motion and has not requested leave to file a late opposition. When a plaintiff fails to respond to a defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a district court may not dismiss the complaint solely on plaintiff's silence, but instead must "determine[e] based on [its] own reading of the [complaint] and knowledge of the law" whether to grant or deny the motion. *McCall v. Pataki*, 232 F.3d 321, 322–23 (2d Cir. 2000).

Accordingly, it is hereby:

**ORDERED** that discovery is **STAYED** in this case pending my resolution of the motion to dismiss.

**IT IS FURTHER ORDERED** that the post-discovery conference currently scheduled for February 21, 2025 at 11:00am is **ADJOURNED** sine die.

**IT IS FURTHER ORDERED** that, if Plaintiff does not respond to Defendant's motion to dismiss by **August 23, 2024**, I will consider the motion unopposed and issue a decision in due course. If Plaintiff does file an opposition by that date, Defendant's reply shall be due September 6, 2024.

SO ORDERED.

Dated:   August 20, 2024
         New York, New York

_Vernon Broderick_
Vernon S. Broderick
United States District Judge